**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | 21-00040-ELG |
| POTOMAC CONSTRUCTION ) | |
| BILTMORE LLC, ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF ANY AND ALL LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363(f)**
(1900 Biltmore Street NW Units 1-11 and Units P1-P2, Washington D.C., 20009)

Bryan S. Ross, Trustee of the Chapter 7 Bankruptcy estate of Potomac Construction Biltmore, LLC, by and through his counsel, McNamee Hosea P.A., files his *Motion to Sell Property Free and Clear of Any and All Liens and Interest Pursuant to 11 U.S.C. § 363(f)* (the "Motion"), and in support thereof, states as follows:

**PARTIES AND JURISDICTION**

1. Debtor commenced this case by filing a voluntary petition for Chapter 7 Bankruptcy on February 5, 2021 (the "Petition Date").

2. Bryan S. Ross ("Trustee") is the duly appointed and qualified Chapter 7 Trustee for the estate of the Debtor.

3. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the Local Rules of the United States Bankruptcy Court for

---

Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

the District of Columbia. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157.

4. The Trustee consents to entry of final orders and judgments by this Court.

## STATEMENT OF FACTS

5. Debtor's estate includes parcels of real property located at 1900 Biltmore Street NW Units 1-11, inclusive and Units P1-P2, inclusive, Washington D.C., 20009 (the "Property"). The Property consists of eleven condominium units and two parking spots located in one building in Washington, D.C.

6. According to a title report conducted on the Property, the Property is encumbered by the liens outlined below.

7. The Property is encumbered by a certain Deed of Trust, dated September 26, 2019 and recorded on September 30, 2019 as Instrument No. 2019105270, securing Old Dominion National Bank in the amount of $5,200,000.00. On April 15, 2021, the Deed of Trust was assigned by Old Dominion National Bank to SMS Financial Strategic Investments III, LLC ("SMS Financial").

8. The Property is encumbered by a Deed of Trust, dated October 24, 2019 and recorded on November 14, 2019 as Instrument No. 2019124438, purporting to secure the Shkor Family Trust in the original principal amount of $579,000.00. The Property is also encumbered by a second Deed of Trust, dated July 15, 2020 and recorded on July 16, 2020, purporting to secure the Shkor Family Trust in the original principal amount of $100,000.00.

9. The Property is encumbered by a Deed of Trust, dated July 15, 2020 and recorded on February 26, 2020 as Instrument No. 2020026821, securing Margaret Nedelkoff ("Ms. Nedelkoff") in the original principal amount of $300,000.00.

10. The Property is encumbered by a Deed of Trust, dated July 17, 2020 and recorded on July 30, 2020 as Instrument No. 2020091675, purporting to secure Eli Hoory ("Mr. Hoory") in the original principal amount of $233,189.64.

11. The Property is encumbered by a mechanics lien dated October 22, 2019 and recorded on October 24, 2019 as Document No. 2019114993 on behalf of CMX Construction Group, LLC ("CMX Construction"). The mechanic's lien secures approximately $761,308.82 for materials and labor provided. However, prior to the bankruptcy, CMX entered into a settlement agreement with the Debtor reducing the required payment to CMX to $250,000.00.

12. The Property is encumbered by a judgment lien which is based on a judgment docketed March 10, 2020 and recorded as Instrument No. 2020033356, securing Christian Waller in the asserted amount of $384,114.90.

13. The Property is also encumbered by various water and sewer liens from the District of Columbia Water and Sewer Authority and approximately $84,261 in real estate taxes.

14. The Property was subject to a lease with Zeus Living, Inc., a provider of corporate and student housing, which rented the entire Property. Zeus Living, Inc. surrendered possession of all units in June 2021 and the Property is now vacant.

15. On March 15, 2021, this Court entered an order authorizing the Trustee to retain Marcus and Millichap Real Estate Investment Services' Zupancic Group ("Marcus and Millichap") and to pay Marcus and Millichap a 4% commission at closing without further order of the Court.

16. Marcus and Millichap has fully exposed the property through an exhaustive seven week marketing process. During that period, Marcus and Millichap conducted 26 on-site property tours, achieved 198 executed confidentiality agreements, sent out just under 13,000 emails culminating in a 'Call for Offers' that resulted in five written offers. Following the 'Call for

Offers', the final purchase price of $6,200,000 was achieved after three rounds of negotiations and counters. Marcus and Millichap ran an extremely collaborative process with the eventual purchaser.

17. As the culmination of that process, the Trustee proposes to sell the Property. The Trustee currently has a purchase agreement, proposing to sell the property for $6,200,000.00 to BREI, LLC or its assigns ("Purchaser"). A copy of a purchase agreement is attached as **Exhibit A.** The Purchase Agreement requires Court approval by July 31, 2021 and closing by August 31, 2021. Purchase Agreement, Bankruptcy Addendum, ¶ 10.

18. The Purchaser is a third party with no known connections to the Trustee, the Debtor, the estate or any creditors. The Purchaser was not in contact with any other potential purchasers and the purchase agreement was negotiated at arms-length.

19. The Trustee proposes to sell the Property free and clear of all liens. SMS has agreed to provide the Trustee a carve-out of its lien as set forth below. The net proceeds of the sale of the Property, if any, after satisfaction of any and all valid liens on the Property and the costs of sale, will be held by the Trustee pending the Court's determination of the amount, if any, of net proceeds that should be distributed to junior lienholders.

### Sell Free and Clear of SMS Financial's Lien Pursuant to § 363(f)(2)

20. Pursuant to § 363(f)(2), the Trustee may sell the Property free and clear of liens if the entity consents to the sale. SMS Financial has agreed to the sale and also agreed to a carve-out of its lien to allow a recovery for the estate. Specifically, SMS has agreed to carve out a portion of its lien equal to (1) its pre-payment penalty in the amount of $103,533.21, (2) late charges (currently $12,964.01); (3) half of the default interest (approximately $75,000 assuming an August 31, 2021 closing) to which it would be entitled; and (4) its attorneys' fees for the benefit

of the estate. Additionally, SMS will carve out from its lien all amounts received or to be received by the bankruptcy estate from Zeus Living, Inc., the Debtor's former tenant. SMS asserts that it is currently owed principal of $5,176,660.74, pre-petition Interest of $15,026.70, and per diem post-petition non-default interest of $647.0825925. Additionally, SMS asserts that it is owed post-petition default interest to the date of closing, with a ½ per diem of $359.4903292. The Trustee requests permission to pay SMS all such amounts at closing. Additionally, if this Motion is granted, the Trustee has agreed to consent to SMS' motion for relief from stay effective as of August 31, 2021.

**Sell Free and Clear of SHKOR Family Trust's Liens Pursuant to § 363(f)(4) and (5)**

21. Pursuant to § 363(f)(4), the Trustee may sell the Property free and clear of liens if the liens are in bona fide dispute.

22. On January 12, 2021, Cornerstone Capital, LLC ("Cornerstone") filed in the Superior Court for the District of Columbia a complaint against the Debtor and the Shkor Family Trust, Civil Action No. 2020 CA 004238 B (the "Cornerstone Complaint").[1] The Cornerstone Complaint alleges three transaction sets between Potomac Construction Group of DC, LLC ("PCG"), Matthew Shkor, R Street LLC, and Shkor Family Trust where money was moved from PCG to the other three above entities. The money was moved between the different entities within, at most, three days of the prior transaction.

23. From the transaction sets detailed in the Cornerstone Complaint, the money cycled between the four entities were used to reimburse the Shkor Family Trust for money allegedly loaned to PCB. However, as stated in the Cornerstone Complaint, the source of the funds originated

---

[1] A copy of the Cornerstone Complaint is attached as **Exhibit B.** The pertinent allegations, which are incorporated herein by reference, are included in paragraphs ___ through __ of the Cornerstone Complaint.

from Matthew Shkor and/or one or more of his various business entities as a means to funnel cash and place them in a secured status out of reach of his creditors.

24. The liens against the Debtor appear to be sham liens, used as part of a scheme to evade the claims of creditors.

25. There is a bona fide dispute whether the liens recorded by the Shkor Family Trust against the Debtor are valid liens. Pursuant to § 363(f)(4), the Trustee may sell the Property free and clear of these liens.

26. Further, if the Trustee is unable to sell the Property free and clear of liens, SMS Financial will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, the Shkor Family Trust would not be required to be paid any money pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which the Shkor Family Trust could be compelled to accept a money satisfaction of its interest pursuant to 11 U.S.C. § 363(f)(5).

### Sell Free and Clear of Ms. Nedelkoff's Lien Pursuant to § 363(f)(5)

27. Pursuant to § 363(f)(5), the Trustee may sell the Property free and clear of liens if the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

28. If the Trustee is unable to sell the Property free and clear of liens, SMS Financial will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, Ms. Nedelkoff would not be required to be paid any money pursuant to a Chapter 11 plan.

Accordingly, there exists a legal or equitable proceeding in which Ms. Nedelkoff could be compelled to accept a money satisfaction of her interest.

29. Ms. Nedelkoff would most likely receive nothing on her lien if the Property were to go in foreclosure. Allowing the Trustee to sell free and clear of Ms. Nedelkoff's lien would ensure that there are proceeds left that will pay the remaining junior creditors a percentage of their liens.

### Sell Free and Clear of CMX Construction's Mechanic Lien Pursuant to § 363(f)(5)

30. Pursuant to § 363(f)(5), the Trustee may sell the Property free and clear of liens if the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

31. If the Trustee is unable to sell the Property free and clear of liens, SMS Financial will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, CMX Construction would not be required to be paid any money pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which CMX Construction could be compelled to accept a money satisfaction of its interest.

32. CMX Construction would most likely receive nothing on its mechanics lien if the Property were to go in foreclosure. Allowing the Trustee to sell free and clear of CMX Construction's mechanics lien would ensure that there are proceeds left that will pay the remaining junior creditors a percentage of their liens.

### Sell Free and Clear of Eli Hoory's Lien Pursuant to § 363(f)(4) and (5)

33. Pursuant to § 363(f)(4), the Trustee may sell the Property free and clear of liens if the liens are in bona fide dispute.

7

34. Eli Hoory ("Mr. Hoory") entered into a $225,000 promissory note issued on April 22, 2020 with Potomac Construction Group of D.C. The promissory note was never paid.

35. On July 17, 2020, Mr. Hoory entered into an amended and restated promissory note (the "Amended Note") with Potomac Construction Group of D.C. and the Debtor. The amount secured by the Amended Note was increased to $231,362.64.

36. On July 17, 2020, Mr. Hoory also entered into a subordinate deed of trust with the Debtor, securing Mr. Hoory's loan as stated in the Amended Note.

37. Neither the subordinate deed of trust nor the Amended Note indicate that Mr. Hoory extended any additional loans to the Debtor. Rather, based on the terms of the Amended Note and the history of the loan, the Debtor was added to secure a loan that was originally made between Mr. Hoory and Potomac Construction Group of D.C. No consideration was provided to the Debtor, and it does not appear that this was an arm's-length transaction. Rather, it appears that a lien was taken against the Debtor merely to give more time for Potomac Construction Group D.C. to pay its loan to Mr. Hoory.

38. There is a bona fide dispute as to the validity of the lien against the Debtor. The lien was made with no consideration and was not made at arm's-length. It is also voidable as a constructively fraudulent transfer.

39. Pursuant to the § 363(f)(4), the Trustee may sell free and clear of Eli Hoory's lien.

40. Further, if the Trustee is unable to sell the Property free and clear of liens, SMS Financial will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, Mr. Hoory would not be required to be paid any money pursuant to a Chapter 11

plan. Accordingly, there exists a legal or equitable proceeding in which Mr. Hoory could be compelled to accept a money satisfaction of his interest.

### Sell Free and Clear of Christian Waller's Lien Pursuant to § 363(f)(5)

41. Pursuant to § 363(f)(5), the Trustee may sell the Property free and clear of liens if the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

42. If the Trustee is unable to sell the Property free and clear of liens, SMS Financial will proceed with a foreclosure against the Property. It is unlikely that the Property will sell at a price that would enable all liens to be paid or any junior liens to be partially paid. Furthermore, Mr. Waller would not be required to be paid any money pursuant to a Chapter 11 plan. Accordingly, there exists a legal or equitable proceeding in which Mr. Waller could be compelled to accept a money satisfaction of her interest.

43. Mr. Waller would most likely receive nothing on his lien if the Property were to go in foreclosure. Allowing the Trustee to sell free and clear of Mr. Waller's lien would ensure that there are proceeds left that will pay the remaining junior creditors a percentage of their liens.

### Sell Free and Clear of Lease of Zeus Living, Inc. Pursuant to § 363(f)(2) and (4)

44. Pursuant to § 363(f)(4), the Trustee may sell the Property free and clear of liens if the liens are in bona fide dispute.

45. Zeus Living, Inc. was a party to a lease with the Debtor. As of June, 2021, Zeus Living, Inc. has vacated the Property and purported to terminate the lease. As such, the lease

with Zeus Living, Inc. is subject to bona fide dispute, and Zeus Living has consented to the sale free and clear of any lease.

46.     Pursuant to 11 U.S.C. §§ 363(f)(2) and (4), the Trustee may sell free and clear of any lease of Zeus Living, Inc.

### Realtor's commission and closing costs

47.     Pursuant to the Court's order authorizing the employment of Marcus and Millichap, the Trustee requests specific authority to pay Marcus & Millichap its 4% commission at closing. The Trustee further requests authority to pay all real estate taxes, transfer fees, water and sewer liens, and other reasonable and necessary costs of sale at closing.

### Good Faith Purchaser

48.     As outlined above, the Purchaser has no connection with the Debtor, the estate, any creditor, or any other party in interest in case. The Property has been extensively marketed, and the Purchaser submitted the highest and best bid possible. Bidders were not in contact with each other, and therefore the Trustee asserts that no collusion was possible. The contract was negotiated at arms-length, with both parties represented by separate counsel. Accordingly, the Trustee asserts that it is appropriate for the Court to find that the Purchaser is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

### Waiver of 6004(h)

49.     As outlined above, the estate is currently incurring over $1,000 a day in interest, as well as real estate taxes and other expenses. The expeditious sale of the Property is necessary for compliance with the Purchase Agreement. Accordingly, the Trustee requests that the Court enter an order waiving any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h).

**WHEREFORE**, Bryan S. Ross, Chapter 7 Trustee, respectfully respects that this Honorable Court:

A. **ORDER** that the Trustee be authorized to sell the Property to the Purchaser free and clear of liens pursuant to 11 U.S.C. § 363(f);

B. **ORDER** that the Trustee be authorized to pay all liens and costs of sale as set forth above, including realtor's commissions;

C. **ORDER** that the Purchaser is a good faith purchaser pursuant to 11 U.S.C. § 363(m);

D. **ORDER** that any stay applicable pursuant to Federal Rule of Bankruptcy Procedure 6004(h) or similar rule is waived; and

E. **ORDER** such other and further relief as this Court may deem just, equitable, and proper.

Dated:  June 30, 2021                               Respectfully submitted

/s/ Justin Fasano
Janet M. Nesse (D.C. Bar 358514)
Justin P. Fasano (DC Bar MD21201)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jnesse@mhlawyers.com
jfasano@mhlawyers.com
*Counsel to the Trustee*

11

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 30, 2021, I served a copy of the foregoing was served via first class mail, postage prepaid, or, where indicated, by CM/ECF, upon the following:

Office of the U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

Eli Hoory
513 Kenyon St., NW Unit B
Washignton, DC 20010

Margaret Nedelkoff
1854 Biltmore Street NW
Washington, DC 20009

David Musgrave, Esq.
(via CM/ECF to dmusgrave@gfrlaw.com, tleonard@gfrlaw.com)
*Counsel to Margaret Nedelkoff*

SMS Financial Strategic Investments III, LLC
c/o Jonathan Hoffer, Registered Agent
6829 N 12th Street
Phoenix, AZ 85014

Bruce W. Henry
(via CM/ECF to bwh@henrylaw.com, mbp@henrylaw.com;kmo@henrylaw.com)
*Counsel to SMS Financial Strategic Investments III, LLC*

Christian Waller
701 Cobblestone Blvd., Unit 305
Fredericksburg, VA 22401

Neil Goldman, Esq.
(via CM/ECF to ngoldman@goldmanvanbeek.com)
*Counsel to Christian Waller*

CMX Construction Group LLC
c/o James Loots, Registered Agent
634 G Street SE, Suite 200
Washington, D.C. 20003

James Loots, Esq.
(via CM/ECF to jloots@lootslaw.com)
*Counsel to CMX Construction Group, LLC*

Stephen A. Metz (via smetz@offitkurman.com)
7501 Wisconsin Ave., Suite 1000W
Bethesda, MD 20814

Alan D. Eisler
Eisler Hamilton, LLC
1 Research Court, Suite 450
Rockville, MD  20850
*Counsel to Matthew Shkor*

Zeus Living, Inc.
c/o Northwest Registered Agent Service, Inc.
1717 N Street NW, Suite 1
Washington DC 20036

DC Water & Sewer Authority
c/o David L. Gadis, CEO
5000 Overlook Avenue, SW
Washington, DC 20032

William Barr, Esq.
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530

Office of U.S. Attorney
Attn: Civil Process Clerk
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
31 Hopkins Plaza, Rm 1150
Baltimore, MD 21201

Dennis Cravedi
Marcus & Millichap
7200 Wisconsin Ave
Suite 1101
Bethesda, MD 20814

Shkor Family Trust
c/o Eric Hirshfield, managing member of
District Trust Advisors, LLC, Trustee of the Shkor Family Trust
242 South Washington Boulevard # 234
Sarasota FL 34236

Richard Goldberg, Esq.
Shapiro Sher
250 West Pratt Street
Suite 2000
Baltimore MD 21201
*Counsel for the Shkor Family Trust*

Christopher J. Giaimo on behalf of Interested Party COMPASS, INC.
christopher.giaimo@squirepb.com, sarah.conley@squirepb.com, christopher-j-giaimo-6409@ecf.pacerpro.com

Catherine Keller Hopkin on behalf of Creditor Cornerstone Capital, LLC
chopkin@yvslaw.com, yvslawcmecf@gmail.com; r39990@notify.bestcase.com; pgomez@yvslaw.com; hopkincr39990@notify.bestcase.com

Stephen A. Metz on behalf of Debtor Potomac Construction Biltmore LLC
smetz@offitkurman.com, mmargulies@offitkurman.com

U. S. Trustee for Region Four
USTPRegion04.DC.ECF@USDOJ.GOV

/s/
Justin P. Fasano